**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1275-20

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

JOSEPH COLEMAN,

      Defendant-Appellant.

_____

Submitted April 14, 2021 – Decided May 5, 2021

Before Judges Ostrer and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 18-11-0646.

Joseph E. Krakora, Public Defender, attorney for appellant (Haley E. Farrell, Assistant Deputy Public Defender, of counsel and on the brief).

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Randolph Mershon III, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Joseph Coleman appeals from a November 30, 2020 order denying his Rule 3:21-10(b)(2) motion for release due to an illness or infirmity. We affirm, substantially for the reasons set forth in the cogent and thoughtful opinion of Judge Janetta D. Marbrey.

Defendant previously was indicted for second degree criminal attempt to commit sexual assault, N.J.S.A. 2C: 14-2(c)(4) and N.J.S.A. 2C:5-1(a)(1), and second-degree luring, N.J.S.A. 2C:13-6(a). He pled guilty to the latter charge and was sentenced in March 2019 to a six-year prison term, subject to a three-year period of parole ineligibility, compliance with the registration requirements of Megan's Law, N.J.S.A. 2C:7-2, and parole supervision for life.

On November 7, 2020, defendant moved for release pursuant to Rule 3:21-10(b)(2), claiming he suffered from clinical obesity and hypertension. Defendant asserted his health issues placed him at a greater risk of complications if he contracted Covid-19. Judge Marbrey denied his motion, concluding that although defendant established a change in circumstances supporting his application, he presented insufficient evidence to justify his release based on the factors set forth in State v. Priester, 99 N.J. 123 (1985).[1] She specifically found

---

[1] Such factors include the "nature and severity of the crime, the severity of the sentence, the criminal record of the defendant, the risk to the public if the

defendant did not offer proof his health conditions were "sufficiently 'dire' to warrant 'extraordinary relief' under Rule 3:21-10(b)(2)," as he did not claim his medical condition was "rapidly deteriorating."  Instead, he simply argued he was "vulnerable to serious medical complications" if he were to contract Covid-19. The judge also noted defendant did "not contend that treatment [for his conditions] is ineffective or that his condition is being ignored."  In fact, he conceded his "health conditions have been treated and stabilized through medication during his incarceration period."  Moreover, the judge noted the crime to which defendant pled guilty was serious and the risk to the public if defendant was released was "high."

On appeal, defendant raises the following arguments:

> POINT I
>
> APPELLANT HAS MET THE LEGAL STANDARD FOR RELEASE UNDER STATE V. PRIESTER, HAVING SHOWN THE DELETERIOUS EFFECT INCARCERATION HAS ON HIS HEALTH, DUE TO HIS UNDERLYING MEDICAL CONDITIONS AND THE ONGOING COVID-19 PANDEMIC.
>
> A.    THE COVID-19 PANDEMIC AMOUNTS TO A CHANGE IN CIRCUMSTANCES UNDER RULE 3:21-10(B)(2) AND STATE V. PRIESTER.

---

defendant is released, and the defendant's role in bringing about his current state of health."  Priester, 99 N.J. at 137.

> B.    COLEMAN HAS PROVIDED "CLEAR" PROOF OF HIS INFIRMITY, AS WELL AS THE [SERIOUS] AND INCREASED RISK DUE TO COVID-19.
>
> C.    COLEMAN HAS DEMONSTRATED THE DELETERIOUS EFFECT OF INCARCERATION ON HIS HEALTH DURING THE COVID-19 PANDEMIC.
>
> D.    COLEMAN IS A NONVIOLENT OFFENDER WHOSE ALLEGED RISK TO THE COMMUNITY MUST BE BALANCED AGAINST BOTH THE RISK TO HIS HEALTH AND HIS INSTITUTIONAL SUCCESS.

Rule 3:21-10(b)(2) provides "[a] motion may be filed and an order may be entered at any time . . . amending a custodial sentence to permit the release of a defendant because of illness or infirmity of the defendant[.]" A motion for relief under Rule 3:21-10(b)(2) "is committed to the sound discretion of the court." Priester, 99 N.J. at 135 (citing State v. Tumminello, 70 N.J. 187, 193 (1976)). Therefore, we will only reverse if a trial judge relies on an "impermissible basis," considers irrelevant factors, or makes a clear error in judgment. State v. S.N., 231 N.J. 497, 500 (2018).

In Priester our Supreme Court stated:

> The predicate for relief under . . . [Rule 3:21-10(b)(2)] is proof of the serious nature of the defendant's illness and the deleterious effect of incarceration on the prisoner's health. As proof of the devastating effect of

4

prison life on a defendant's health, the court should consider the availability of medical services in prison, including rehabilitative therapy. However, this factor is important only insofar as it tends to establish that without such medical services the defendant's condition will seriously worsen or deteriorate in prison. It is the existence of this serious threat to defendant's physical condition, rather than the prison system's ability to provide beneficial and desirable medical services, including rehabilitative health care, that is determinative of a Rule 3:21-10(b)(2) motion. Therefore, in order to prevail, the prisoner must show that the medical services unavailable at the prison would be not only beneficial . . . but are essential to prevent further deterioration in his health . . . .

Moreover, a prisoner also must show that changed circumstances in his health have occurred since the time of the original sentence.

. . . .

In addition to the requirement of a change of circumstances, among other factors we deem relevant to the determination of a Rule 3:21-10(b)(2) motion are the nature and severity of the crime, the severity of the sentence, the criminal record of the defendant, the risk to the public if the defendant is released, and the defendant's role in bringing about his current state of health.

[99 N.J. at 135-37.]

Based on these principles, we have no reason to second-guess Judge Marbrey's application of the Priester factors. Our review of the record convinces us she properly found defendant failed to establish that either his medical

condition or need for treatment warranted release. Additionally, her conclusion that defendant's sentence, the severity of his criminal record, and the concomitant risk to the public militated against his release, was not an abuse of discretion.

To the extent we have not addressed defendant's remaining arguments, we find they lack merit. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1275-20